UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **Trudy Quarterman**, | ) | CASE NO. 4:23 CV 503 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| Vs. | ) | |
| | ) | |
| | ) | |
| **Commissioner of Social Security,** | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation ("R&R") of Magistrate Judge Carmen E. Henderson (Doc. 13) recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections. For the following reasons, the R&R is ACCEPTED and the Commissioner's decision is AFFIRMED.

**Standard of Review**

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made.

1

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); see also Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to[ ]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[ ]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 55 (6th Cir. 2010). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] Court might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle,* 609 F.3d at 854 55. This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v.*

2

*Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.").

**Discussion**

Only those facts necessary for the resolution of plaintiff's objections are set forth herein. The Administrative Law Judge ("ALJ") denied plaintiff's applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") after a hearing. The Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. Plaintiff thereafter filed this Complaint to obtain judicial review requesting a finding that she is entitled to DIB and SSI, or a remand for a further hearing.

Plaintiff objects to the R&R on one ground. For the following reasons, the Court agrees with the defendant that it does not warrant rejection of the Magistrate Judge's recommendation.

The ALJ found that plaintiff was not disabled. In doing so, the ALJ considered the opinion of plaintiff's therapist, Tiffany DeHaven, which found plaintiff to be "markedly limited" in most areas of mental functioning. But, the ALJ found the opinion to be unpersuasive as it was not supported by the therapist's accompanying report and it was inconsistent with the record as a whole:

> The undersigned finds this opinion to be unpersuasive, as it is not supported by her accompanying report, which includes statements that the claimant presents in session as depressed most days, and that she displays feelings of sadness, hopelessness, and emptiness. Moreover, the opinion is inconsistent with the record as a whole, which do not reflect such severe limitations. For example, although mental status findings reflect some abnormalities with respect to her mood, affect, and attention at times, the claimant was also noted to be cooperative with good or fair eye contact. In addition, other mental status findings reflect that

3

> that her attention and memory were normal. Furthermore, her judgment and insight were good, her eye contact was normal, and her mood and affect were normal (Ex. 2F, 23F, 29F, and 31F).

(Doc. 7 at PageID 52-53). Plaintiff argued before the Magistrate Judge that the ALJ's evaluation of DeHaven's opinion did not abide by the Commissioner's revised regulation for assessing medical opinion evidence. The Magistrate Judge disagreed.

After discussion, the Magistrate Judge concluded that the ALJ adequately considered the requisite supportability and consistency factors in rejecting DeHaven's opinion. 20 C.F.R. § 416.920c(b)(2); *Adams v. Commissioner of Social Security,* 2023 WL 6366106 (6th Cir. September 28, 2023) (The ALJ is required to explain how the supportability and consistency factors apply to medical-source evidence.) Substantial evidence buttressed both of the relevant factors.

Plaintiff only objects to the Magistrate Judge's conclusion as to the supportability factor. With respect to this factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s)...the more persuasive the medical opinions...will be." 20 C.F.R. § 416.920c(c)(1).

First, plaintiff asserts that the Magistrate Judge's finding that DeHaven did not cite any objective medical evidence to support her opinions was an error of fact because the opinion cited numerous psychiatric signs that met the regulatory definition of objective evidence in cases involving psychological impairments. DeHaven identified abnormalities of behavior, mood, thought, and perception which were also present in plaintiff's mental status examinations.

Second, plaintiff asserts that the Magistrate Judge's finding that "DeHaven's report includes her observation that Claimant 'presents as either having psychomotor agitation or

4

psychomotor retardation, and restlessness,' but does nothing to explain why this observation is relevant to her opinion concerning Claimant's limitations in various areas of mental functioning" was an error of fact. Plaintiff contends that the psychomotor conditions directly related to DeHaven's Mental Residual Functional Capacity Assessment wherein she indicated that plaintiff was "markedly limited" in the ability to "complete a normal workday and workweek without interruptions from psychologically based symptoms," the ability to "get along with coworkers or peers without distracting them," and the ability to "maintain socially appropriate behavior." (Doc. 7 at 1371-1372).

Plaintiff's contentions do not merit rejection of the Magistrate Judge's recommendation. Judicial review of the Commissioner's decision is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009). Substantial evidence "means and means only 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation omitted). The ALJ applied the correct legal standards in his consideration of the persuasiveness of DeHaven's opinion when he discussed the extent to which the opinion was supported by objective evidence and whether it was consistent with the other record evidence. Plaintiff does not show otherwise. The Magistrate Judge correctly applied the relevant law in finding that substantial evidence supported the ALJ's conclusion that DeHaven's opinion was not persuasive.

Despite plaintiff's contention that the Magistrate Judge made errors of fact, a reasonable person could agree with the ALJ that DeHaven did not provide sufficient objective support or

5

explanation for her finding that plaintiff had "markedly limited" mental functions. The ALJ's conclusion that plaintiff only had moderate mental limitations was supported by substantial evidence, and DeHaven's opinion to the contrary was the only medical source to conclude otherwise. Plaintiff's proposed errors of fact do not show that DeHaven's opinion was supported enough to justify "markedly limited" findings given the inconsistent evidence. More importantly, the ALJ's findings must be affirmed, even if substantial evidence also supports the opposite conclusion. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). At most, plaintiff's objection might support the opposite conclusion which is insufficient to reverse the ALJ.

For these reasons, the Court accepts the Report and Recommendation which is incorporated herein by reference.

### Conclusion

This Court, having found plaintiff's objections without merit, hereby accepts the Magistrate Judge's R&R. In accordance with that recommendation, the decision of the Commissioner is affirmed with judgment entered in defendant's favor.

IT IS SO ORDERED.

Dated: 3/12/24

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

6